Jonathan Shub (CA Bar #237708)
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: 215-238-1700
Email: jshub@kohnswift.com

*Attorneys for Plaintiff and the Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUUMBA MADISON, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br><br>   v.<br><br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation<br><br>                 Defendant. | Civil Action No.:_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff Kuumba Madison ("Plaintiff"), through his undersigned attorneys, Barbat, Mansour & Suciu PLLC, Kohn, Swift & Graf, P.C. and Greg Coleman Law, brings this Class Action Complaint against Defendant VITAL PHARMACEUTICALS INC., d/b/a VPX Sports ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

## NATURE OF THE ACTION

1.      Defendant formulates, manufactures, advertises and sells the popular "BANG" branded caffeinated and non-caffeinated energy drink products (collectively the "Products") throughout the United States, including in California. Defendant markets its Products in a systematically misleading manner, by misrepresenting that its Products contain ingredients that they do not in fact contain, and that the ingredients are potent, when in fact they are present, if at all, in doses so low as to be ineffective (the "Misrepresentations").

2.      Because Defendant's sales are driven by consumers seeking these ingredients and their purported effects, Defendant prominently advertises their

**CLASS ACTION COMPLAINT**

presence in its Products on the Products themselves, as well as in its' marketing.

3.     Plaintiff and each of the Class members accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages, statutory damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d).   The amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendant's states of citizenship.

5.     This Court has personal jurisdiction over Defendant in this matter. The acts and omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in

**CLASS ACTION COMPLAINT**

the state of California, during the relevant time period, at which time Defendant was engaged in business activities in the state of California.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents within this District and has intentionally availed itself of the laws and markets within this district.

**PARTIES**

7.    Plaintiff Madison Kuumba is a citizen of California who resides in Santa Ramon, California.  Plaintiff purchased BANG from vitaminshoppe.com on June 14, 2018.  Prior to purchase, Plaintiff carefully read the BANG labeling, including the representation that it contained "CREATINE," "BRANCHED CHAIN AMINO ACIDS," and "COENZYME $Q_{10}$."  Plaintiff understood this to mean that the BANG contained these ingredients, and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Product label, as well as on the back.  Plaintiff relied on these claims in that he would not have purchased BANG, or would have only been willing to pay a substantially reduced price for BANG, had he known that this representation was false and misleading.

**CLASS ACTION COMPLAINT**

8.      Defendant Vital Pharmaceuticals, Inc. d/b/a VPX Sports is a Florida corporation with its principal place of business at 1600 North Park Drive, Weston, FL 33326.

## FACTUAL ALLEGATIONS

9.      At all relevant times, Defendant has marketed its BANG Products in a consistent and uniform manner relating to both ingredients, potency, and effect. Defendant sells BANG Products in all 50 states on its website and through various distributors.

10.     Defendant labels and advertises all of its BANG Products in a manner that leads consumers to believe that they fuel the brain and body and that, unlike the competition, it is an honest company that accurately represents the products' ingredients and efficacy.   Contrary to these representations, as shown below, testing commissioned by Plaintiff's attorney confirms that the products do not contain the represented ingredients and potency.   Such representations constitute an express warranty regarding the Products' content.

### *Defendant's Deceptive Advertising and Labeling*

11.     On its website, Defendant represents that all of its "raw materials are received into the warehouse, quarantined, and then tested for efficacy in our own state of the art laboratories to ensure we only provide the end-consumer with the

best product possible."   Jack Owec, the CDEO of BANG, states on the website that:

**Supplement Scams Costing you Money and Muscle!**

As previously mentioned, *one of the reasons I entered into the supplement industry was my disgust for unscrupulous supplement manufacturers who were intentionally mislabeling their supplements and ripping the public off.*  However, let's be crystal clear; my broader vision was to create supplements that were super potent and highly effective – supplements so effective that they had the power to positively impact lives and radically improve health in a very short period of time.

Surprisingly, supplements aren't much better today than they were 24 years ago. Almost every single sports nutrition company offers a worthless, muscle-destroying pre-workout called a "concentrate". It is a rigged system where the health food or online store collaborate to push a concentrate on you because of the massive profit that they make at your expense! You lose both money and muscle, while they profit handsomely. It is not just the small companies either that are ripping you off. One of the biggest protein manufacturers in the world was recently tested to be 30% under protein claimed on the label and also contained 30% of what I refer to as "non-protein filler". Compare that to our **SRO™ Zero Carb® Protein** which contains the highest protein content per pound and per ounce! Further scams are evident by the largest seller of ready to drink protein beverages that tested 32% under label claim. This is insane my friends. There is a willful and purposeful intent to rip you off. *Worse yet, you have to wonder what the hell is in these products that you are drinking that isn't protein!*

**Quality Control: Truth in Labeling**

This is why VPX/Bang/Redline does things differently! *All of our raw materials are received into the warehouse, quarantined, and then tested for efficacy in our own state of the art laboratories to ensure that we only provide the end-consumer with the best product possible.*

6

**CLASS ACTION COMPLAINT**

Raw materials are sampled and taken to the quality control lab for analysis. Our analysis of each ingredient is conducted by tests on several levels; first through our high-performance liquid chromatography (HPLC) units that confirm the identity and purity levels of the ingredient; and second, the physical characteristics of the compound are verified through our infrared spectroscopy (IR) machine. Once the test results meet our set release specifications and the supplier's certificate of analysis, the ingredient is released and can be utilized within manufacturing. Maintaining this high level of testing ensures that every VPX product is manufactured to its intended design and that we continually produce products that meet and exceed our customers' expectations.[1]

12.     Further, customers are told, on the BANG Product label: "Power up with BANG's potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)."

13.     The BANG Product labels also specifically state the provide "Potent Brain and Body Fuel," and the labels highlight the amount of Creatine, Branched Chain Amino Acids, and Coenzyme $Q_{10}$ contained within.  Each Product lists those ingredients in circular fashion around the top lip of the Product container, again on the information panel, and a third time in the Nutrition Facts panel.

14.     Likewise, VPX's website tells users to "Power up with BANG's potent brain & body-rocking fuel: Creatine, Caffeine, & BCAAs (Branched Chain

---

[1] https://vpxsports.com/about-us/ (emphasis added) (last visited 10/12/18).

**CLASS ACTION COMPLAINT**

Amino Acids)."[2]

15.   For each Product quantity (i.e. a pack of four, twelve, etc…), the VPXSports.com website repeats these claims of ingredients and potency.

16.   The BANG Products that repeat these claims are: Cotton Candy, Lemon Drop, Root Beer, Blue Razz, Sour Heads, Peach Mango, Star Blast, Power Punch, Champagne, Black Cherry Vanilla, Pina Colada, Purple Guava Pear, Citrus Twist, Purple Haze, Cherry Blade Lemonade, Lemon Drop Sweet Tea, Sweet Ice Tea, Rainbow Unicorn, Georgia Peach Sweet Tea, Sour Heads, Cotton Candy, Black Cherry Vanilla, Purple Guava Pear, and Cherry Blade Lemonade.

17.   The BANG ENERGY Instagram account includes a header that again touts the presence of these ingredients: "�खCaffeine, Super Creatine, BCAAs, CoQ10"[3]

18.   The product description for BANG under Defendant's VPX account on Amazon.com also repeats these claims: "Potent Brain &Amp; Body-Rocking Fuel: Creatine, Caffeine, Coq10 &Amp; Bcaas (Branched Chain Amino Acids). Benefits Contains Creatine, Caffeine, Coq10 And Bcaas"[4]

---

[2] https://vpxsports.com/product/bang-12-pack/?doing_wp_cron=1539219060.9104490280151367187500 last visited October 10th, 2018.

[3] https://www.instagram.com/bangenergy/?hl=en last visited October 11th, 2018.

[4]https://www.amazon.com/gp/product/B07GSCB9D9/ref=s9_dcacsd_dcoop_bw_cr_x__a_w last accessed October 11th 2018.

**CLASS ACTION COMPLAINT**

19.     Defendant's Product description on vitaminshoppe.com includes these same claims about ingredients, and potency.[5]

20.     Creatine monohydrate is one of the most popular dietary supplements in the world and is believed to have a variety of beneficial effects on both physical performance and body composition.[6]

21.     Creatine has been shown, in numerous scientific studies to increase strength and fat free mass. It has been shown beneficial in exercise modalities ranging from high-intensity sprints to endurance work. The mechanism of action is thought to be a result of the build-up of creatine stores in the body, which in turn allows for more rapid regeneration of adenosine triphosphate.[7]

22.     Creatine monohydrate may also have beneficial effects on cognitive function in healthy populations, such as improving short-term memory and intelligence/reasoning[8], and may show similar positive effects in diseased states

---

[5]   https://www.vitaminshoppe.com/p/bang-citrus-twist-12-drinks/vz-2040 last accessed October 15th, 2018.

[6] J. David Branch, *Effect of Creatine Supplementation on Body Composition and Performance: A Meta-analysis*, Int J Sport Nutr Exerc Metab. 2003 Jun;13(2):198-226.

[7] Cooper, Robert et al. *Creatine Supplementation with Specific View to Exercise/sports Performance: An Update*, Journal of the International Society of Sports Nutrition 9 (2012): 33. *PMC*. Web. 10 Oct. 2018.

[8] Avgerinos, et al., *Effects of creatine supplementation on cognitive function of healthy individuals: A systematic review of randomized controlled trials*, Experimental Gerontology, 108, 166-173, 15 July 2018.

**CLASS ACTION COMPLAINT**

(such as Alzheimer's, Huntington's, and Parkinson's) although more research is needed[9].

23. Likewise, Coenzyme $Q_{10}$ has been implicated in ameliorating cognitive-related decline in diseased states[10], but also in physical performance[11], and the Mayo Clinic has noted that "it is believed that this supplement might improve your physical performance....[12]"

24. Finally, Branched Chain Amino Acids have been shown to have beneficial effects on skeletal muscle such as reducing exercise-induced muscle damage and soreness[13], as well as participating both directly and indirectly in numerous biochemical brain functions[14].

25. Defendant's Products' labels plainly state that they contain a "potent

---

[9] Smith, Rachel N., Amruta S. Agharkar, and Eric B. Gonzales. *A Review of Creatine Supplementation in Age-Related Diseases: More than a Supplement for Athletes*, *F1000Research* 3 (2014): 222. *PMC*. Web. 10 Oct. 2018.

[10] Hernández-Camacho, Juan D. et al., *Coenzyme Q10 Supplementation in Aging and Disease*, Frontiers in Physiology 9 (2018): 44. PMC. Web. 10 Oct. 2018.

[11] Fischer, Alexandra et al., *Coenzyme $Q_{10}$ Status as a Determinant of Muscular Strength in Two Independent Cohorts,* Ed. Gotthard Kunze. *PLoS ONE* 11.12 (2016): e0167124. PMC. Web. 10 Oct. 2018.

[12] https://www.mayoclinic.org/drugs-supplements-coenzyme-q10/art-20362602 last accessed October 9, 2018.

[13] Yoshiharu, S et al., *Nutraceutical Effects of Branched-Chain Amino Acids on Skeletal Muscle*, The Journal of Nutrition, Volume 136, Issue 2, 529S–532S, 2006.

[14] John D. Fernstrom, *Branched-Chain Amino Acids and Brain Function*, The Journal of Nutrition, Volume 135, Issue 6, 1539S–1546S, 2005

**CLASS ACTION COMPLAINT**

brain and body-rocking fuel: Creatine, Caffeine, $CoQ_{10}$ & BCAAs (Branched Chain Amino Acids)."    This representation is identical throughout all of Defendant's BANG Products:



## *__BANG Product Testing Confirms Defendant's Deception__*

26.    Contrary to Defendant's uniform representations on the BANG Product labels, based upon testing commissioned by Plaintiff's attorneys, the Products were shown not to contain Creatine.   A true and correct copy of the Product testing commissioned by Plaintiff's attorneys is attached hereto as **Exhibit A**.

**CLASS ACTION COMPLAINT**

27.    Based upon testing commissioned by Plaintiff's attorneys, the Products were shown not to contain Coenzyme $Q_{10}$.  A true and correct copy of the Product testing commissioned by Plaintiff's attorneys is attached hereto as **Exhibit B**.

28.    Based upon testing commissioned by Plaintiff's attorneys, the Products were shown to contain only .09g of the single Branched Chain Amino Acid Leucine.  Isoleucine and Valine, the other Branched Chain Amino Acids, were not found. A true and correct copy of the Products testing commissioned by Plaintiff's attorneys is attached hereto as **Exhibit C**.

### *Defendant's Deceptive Statements are Illegal*

29.    Plaintiff and the Classes purchased and consumed the Products because they believed, based on the misleading product label and the information on Defendant's website, and identical misleading information listed on vitaminshoppe.com and other retailers' websites that the Products contained the ingredients stated on the Products' labeling and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Products' label, as well as on the back.

30.    This clear mislabeling of the Products renders them misbranded.

**CLASS ACTION COMPLAINT**

31.    Plaintiff and Class Members were, in fact, misled by Defendant's representations regarding the true nature of the Products' ingredients, efficacy, and value.

32.    The difference between the Products promised and the Products sold is significant.

33.    The efficacy—or lack thereof—of the Products has real impacts on the benefits provided to consumers by the Products and the actual value of the Products themselves.

34.    Defendant's deceptive statements violate the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular."

35.    Defendant's conduct is also deceptive and unfair in that it violates the prohibition against false or misleading labeling under California's Sherman Laws, which adopt the federal labeling regulations as the food labeling requirements of the state. Cal. Health & Safety Code § 110100.

36.    The introduction of misbranded food into interstate commerce is prohibited under the FDCA and the parallel state statute cited in this Class Action Complaint.

**CLASS ACTION COMPLAINT**

37.    Plaintiff and Class Members would not have purchased the Products or would have paid less for the Products if they were aware of the misleading labeling of the Products by Defendant.

38.    Defendant intended for Plaintiff and the Class members to be deceived or misled.

39.    Defendant's deceptive and misleading practices proximately caused harm to the Plaintiff and the Class.

40.    Plaintiff and Class members would not have purchased the Products, or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action individually and as representatives of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Class:

**National Class: All persons in the United States who purchased the Products.**

42.    In the alternative, Plaintiff brings this action on behalf of the following State Class:

**California State Class: All persons in the State of California who purchased the Products.**

**CLASS ACTION COMPLAINT**

43.   Excluded from the Classes are: (1) Defendant, and any entity in which Defendant has a controlling interest or which have a controlling interest in Defendant; (2) Defendant's legal representatives, assigns and successors; and (3) the judge(s) to whom this case is assigned and any member of the judge's immediate family.

44.   Plaintiff reserves the right to redefine the Class(es), and/or requests for relief.

45.   Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

46.   The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.

47.   The exact number of Class members is unknown.  Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiff believes the Class consists of thousands of consumers.

48.   Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiff and Class members.

**CLASS ACTION COMPLAINT**

49.     Common questions of law and fact that affect Class members include, but are not limited to:

a.  Whether the Products, when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use, works as advertised, marketed, and conveyed to consumers;

b.  Whether, in the course of business, Defendant represented that the Products have characteristics, uses, benefits, or qualities that they do not have when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use;

c.  Whether the claims Defendant made and is making regarding the Products are unfair or deceptive; specifically, whether the Products contained the ingredients stated on the Products' labeling and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Products' label, as well as on the back.

d.  Whether Defendant knew at the time the consumer transactions took place that consumers would not receive the promised benefits of the Products that Defendant was claiming they would receive;

e.  Whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment;

f.  Whether Defendant knew or should have known that the representations and advertisements regarding the Products were unsubstantiated, false, and misleading;

g.  Whether Defendant has breached express and implied warranties in the sale and marketing of the Products;

h.  Whether Defendant's conduct violates public policy;

**CLASS ACTION COMPLAINT**

i. Whether Defendant's acts and omissions violated the consumer fraud acts;

j. Whether Defendant has been unjustly enriched by the sale of the Products to the Plaintiff and the Class Members;

k. Whether Plaintiff and the Class Members did not receive the benefit of their bargain when purchasing the Products;

l. Whether the Plaintiff and the Class Members suffered monetary damages, and, if so, what is the measure of those damages;

m. Whether Plaintiff and the Class Members are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

50.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of himself and the other Class members.    Similar or identical statutory and common law violations, business practices, and injuries are involved.  Individual questions, if any, are pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

51.     Additionally, the factual basis of Defendant's conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.

52.     The named Plaintiff will fairly and adequately assert and protect the interests of the Class.  Specifically, he has hired attorneys who are experienced in

**CLASS ACTION COMPLAINT**

prosecuting class action claims and will adequately represent the interests of the Class; and they have no conflict of interests that will interfere with the maintenance of this class action.

a. The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

b. The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

c. There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendant's possession;

d. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

e. Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

f. The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which Class members can, as a practical matter, recover. However, the claims of individual Class members are collectively large enough to justify the expense and effort in maintaining a class action.

## CAUSES OF ACTION

## COUNT I
**California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 et seq.  ("UCL")**
**(On Behalf of the California Class)**

**CLASS ACTION COMPLAINT**

53.    Plaintiff re-alleges and incorporate by reference the allegations contained in Paragraphs 1 through 52, as though set forth fully herein.

54.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

55.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

56.    Unlawful:  The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

a.    The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

b.    The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

c.    The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

d.    The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

57.    Unfair: Defendant's conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

58.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not

**CLASS ACTION COMPLAINT**

limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

59.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

60.     Fraudulent:  A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

61.     As set forth herein, Defendant's claims relating the ingredients stated on the Products' labeling and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Products' label, as well as on the back are likely to mislead reasonable consumers to believe the product can provide the claimed benefits, when they cannot.

62.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

63.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate

**CLASS ACTION COMPLAINT**

misleading information on the Products' packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

64.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members.  Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

65.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

66.     Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

<u>COUNT II</u>
**California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Class)**

67.     Plaintiff incorporates paragraphs 1 through 52 as if fully set forth herein.

68.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to

**CLASS ACTION COMPLAINT**

disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

69.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Id.

70.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Products misled consumers acting reasonably as to the ingredients and effectiveness of the Products.

71.    Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Products in reliance on Defendant's false and misleading labeling claims that the Products, among other things, that the Products contained the ingredients stated on the Products' labeling and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Products' label, as well as on the back.

72.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which

**CLASS ACTION COMPLAINT**

Defendant knew or reasonably should have known, and omitted material information from its advertising.

73.    Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

74.    As a result, Plaintiff, the California Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

75.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the California Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## COUNT III
### California's Consumer Legal Remedies Act
### Cal. Civ. Code § 1750 et seq. ("CLRA")
### (On Behalf of the California Class)

76.    Plaintiff incorporates paragraphs 1 through 52 as if fully set forth herein.

77.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

**CLASS ACTION COMPLAINT**

78.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a.   § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.   § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.   § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.   § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

79.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

80.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

81.     Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff provided a letter to Defendant with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices.  If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the

**CLASS ACTION COMPLAINT**

1   complaint to add claims for monetary relief, including restitution and actual

2   damages under the Consumers Legal Remedies Act.

3       82.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive

4

5   relief, their reasonable attorney fees and costs, and any other relief that the Court

6   deems proper.

7
                                    **COUNT IV**
8                        **Breach of Express Warranties**
                            **Cal. Com. Code § 2313(1)**
9                       **(On Behalf of the California Class)**

10

11      83.    Plaintiff incorporates paragraphs 1 through 52 as if fully set forth

12   herein.

13
        84.    Through the Products' labels and advertising, Defendant made
14
    affirmations of fact or promises, or description of goods, described above, which
15

16   were "part of the basis of the bargain," in that Plaintiff and the Class purchased the

17   Products in reasonable reliance on those statements.  Cal. Com. Code § 2313(1).

18
        85.    Defendant breached the express warranties by selling Products that do
19

20   not and cannot provide the promised benefits.

21      86.    Plaintiff and the Class Members would not have purchased the

22
    Products had they known the true nature of the Products' ingredients and what the
23

24   Products contained.

25

26

27
                                         25
28

87.     That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Products.

88.     Furthermore, Defendant had actual knowledge of the defect in the Products purchased by Plaintiff, as well as the Products purchased by other members of the Class, because: (a) it has knowledge of various studies concluding the inefficacy of the ingredients included in the formulation of the Products; (b) it had actual knowledge of the ingredients and quantities of the ingredients in its Products by virtue of its own Products' testing and it knows that the affirmations and representations it makes concerning the ingredients and quantities on the Products' labeling and advertising is false; and (c) there exist several other lawsuits against Defendant that also contend that Defendant's statements about the Products were false and the Products do not conform to Defendant's affirmations and promises as described above.

89.     As a result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in the amount of the purchase price of the Products and any consequential damages resulting from the purchases.

### COUNT V
**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**
**(On Behalf of the California Class)**

90.     Plaintiff incorporates paragraphs 1-52 as if fully set forth herein.

**CLASS ACTION COMPLAINT**

91.     Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, made representations to Plaintiff and the Class that, among other things, the Products contained the ingredients stated on the Products' labeling and moreover that the Products contained them in dosages that were "POTENT" as claimed both on the front of the Products' label, as well as on the back.

92.     Plaintiff and the Class bought the Products manufactured, advertised, and sold by Defendant, as described herein.

93.     Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

94.     However, Defendant breached that implied warranty in that the Products provide no benefits, as set forth in detail herein.

95.     As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods nor are they fit for their ordinary purpose of providing "potent" energy.

**CLASS ACTION COMPLAINT**

96.     Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' purchase prices.

**COUNT VI**
**Declaratory Relief Under the Declaratory Judgment Act**
**(On Behalf of the Nationwide Class or,**
**Alternatively, the California Sub-Class)**

97.     Plaintiff incorporates paragraphs 1-52 as if fully set forth herein.

98.     Plaintiff brings this cause of action on behalf of the Nationwide Class and/or the California Subclass.

99.     Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages."  10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

100.   Pursuant to 28 U.S.C. § 2201, et seq., there is an actual controversy between Defendant and Plaintiff concerning whether:

   a.  Defendant has misrepresented the ingredients and effectiveness of the Products; and

   b.  Defendant knew or should have known of the misrepresentations regarding the efficacy of the Products.

101.   Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

**CLASS ACTION COMPLAINT**

102.   Despite the studies which have proven Defendant's representations false, Defendant continues to represent the ingredients and effectiveness of the Products, and has otherwise failed to correct those misrepresentations.

103.   Accordingly, based on Defendant's repeated and continued misrepresentations, Plaintiff seeks a declaration that Defendant has misrepresented the ingredients and effectiveness of the Products and that its actions are unlawful.

104.   The declaratory relief requested herein will generate common answers that will settle the controversy related to the misrepresented labeling of the Products.  There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Defendant as follows:

A.   Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

B.   Enter an order awarding Plaintiff and the class members their actual damages, treble damages, and/or any other form of monetary relief provided by law, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

C.   Declare that Defendant is financially responsible for notifying all Class members of the problems with the Products;

**CLASS ACTION COMPLAINT**

D.   Declare that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

E.   Defendant shall audit and reassess all prior customer claims regarding the Products, including claims previously denied in whole or in part;

F.   An order awarding Plaintiff and the classes pre-judgment and post-judgment interest as allowed under the law;

G.   For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action, including expert witness fees; and

H.   For such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: October 15, 2018                         Respectfully Submitted,

By:  /s/ Jonathan Shub
     Jonathan Shub (CA Bar #237708)
     Kevin Laukaitis*
     **KOHN, SWIFT & GRAF, P.C.**
     1600 Market Street, Suite 2500
     Philadelphia, PA 19103
     Tel: 215-238-1700
     jshub@kohnswift.com
     klaukaitis@kohnswift.com

**CLASS ACTION COMPLAINT**

Nick Suciu III*
**BARBAT, MANSOUR &
SUCIU PLLC**
1644 Bracken Rd.
Bloomfield Hills, Michigan
48302
Tel: 313-303-3472
nicksuciu@bmslawyers.com

Gregory F. Coleman*
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: 865-247-0080
greg@gregcolemanlaw.com

*_Pro Hac Vice Application
Forthcoming_

_Counsel For Plaintiff
And The Class_

**CLASS ACTION COMPLAINT**