1  M.D. SCULLY (SBN: 135853)
   mscully@grsm.com
2  TIMOTHY K. BRANSON (SBN: 187242)
   tbranson@grsm.com
3  GORDON REES SCULLY MANSUKHANI LLP
   101 W Broadway, Suite 2000
4  San Diego, CA 92101
   Phone: (619) 230-7441
5  Fax: (619) 696-7124
   Attorneys for Defendant
6  VITAL PHARMACEUTICALS, INC., D/B/A VPX SPORTS

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 KUUMBA MADISON, individually and on behalf   CASE NO. 3:18-cv-06300-JST
   of all others similarly situated,
11                                              **DEFENDANT'S REPLY IN**
                              Plaintiff,        **SUPPORT OF MOTION TO**
12                                              **TRANSFER VENUE PURSUANT**
                                                **TO 28 U.S.C. § 1404(a)**
13        vs.

14 VITAL PHARMACEUTICALS, INC.,                 Hearing Date: March 21, 2019
   d/b/a VPX Sports, a Florida corporation      Hearing Time: 2:00 p.m.
15                                              Department: 9
                              Defendant.        Judge: Hon. Jon S. Tigar
16
                                                Complaint filed: October 15, 2018
17

18

19

20

21

22

23

24

25

26

27

28

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

1

## TABLE OF CONTENTS

2

**Page**

3   I.      PLAINTIFF CANNOT RELY ON CHERRYPICKED FACTS FROM *IMRAN*
        TO OPPOSE THIS MOTION. ............................................................................ 1

4

5   II.     FEASIBILITY OF CONSOLIDATION - ALONE - WARRANTS TRANSFER. ........... 2

6   III.    PLAINTIFF'S CHOICE OF FORUM WARRANTS *NO* DEFERENCE. ......................... 5

7   IV.     THE CONVENIENCE FACTORS *STRONGLY* WEIGH TOWARDS
        TRANSFER. ....................................................................................................... 11

8   V.      PLAINTIFF DOES NOT DISPUTE THAT THE LOCUS OF OPERATIVE
        FACTS OCCURRED IN FLORIDA; THAT JUSTICE IS BETTER SERVED
9       WHEN LAWSUITS ARE LITIGATED IN SUCH A FORUM; OR THAT THE
        COURT IN FLORIDA SHOULD OVERSEE HIS REQUESTED INJUNCTIVE
10      RELIEF. ............................................................................................................. 14

11  VI.     PLAINTIFF DOES NOT DISPUTE THAT THE TARGET'S SIGNIFICANTLY
        LESS CONGESTED DOCKET WEIGHS TOWARD TRANSFER. .............................. 15

12

13  VII.    THE SOUTHERN DISTRICT OF FLORIDA IS EQUALLY SUITED TO
        ADJUDICATE THE CALIFORNIA CAUSES OF ACTION. ........................................ 15

14  VIII.   PLAINTIFF MISCONTRUES GOOD FAITH MEET-AND-CONFER AS
        GAMESMANSHIP IN AN EFFORT TO AVOID TRANSFER. ...................................... 15

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Allen v. ConAgra Foods, Inc.*,
    2013 WL 4737421 (N.D. Cal. Sept. 3, 2013) ............................................................ 11, 12, 13

5

6

*Alltrade, Inc. v. Uniweld Prods.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................................ 4

7

*Alul v. Am. Honda Motor Co.*,
    2016 U.S.Dist.LEXIS 169632 (N.D. Cal. 2016) ................................................................ 10

8

9

*Bloom v. Express Servs.*,
    2011 U.S.Dist.LEXIS 43429 (N.D. Cal. 2011) .................................................................... 7

10

*Carolina Cas. Co. v. Data Broad. Corp.*,
    158 F.Supp.2d 1044 (N.D. Cal. 2001) .................................................................................. 4

11

12

*Continental Grain Co. v. The FBL-585*,
    364 U.S. 19 (1960) ................................................................................................................ 3

13

*Cortina v. Bristol-Myers Squibb Co.*,
    2017 U.S.Dist.LEXIS 100437 (N.D. Cal. 2017) ................................................................ 15

14

*David v. Alphin*,
    2007 U.S.Dist.LEXIS 3095 (N.D. Cal. 2007) .................................................................... 13

15

16

*Gates Learjet Corp. v. Jensen*,
    743 F.2d 1325 (9th Cir. 1984) ............................................................................................ 16

17

*Hall v. Hall*,
    138 S. Ct. 1118 (2018) .......................................................................................................... 1

18

19

*Henry v. Home Depot U.S.A., Inc.*,
    (N.D. Cal. 2016) 2016 U.S.Dist.LEXIS 117620 .................................................................. 4

20

*In re Ferrero Litig.*,
    768 F.Supp.2d 1074 (S.D. Cal. 2011) ...................................................................... 10, 11, 12

21

22

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495, 498-99 (9th Cir. 2000) ................................................................................ 11

23

*Jovel v. I-Helath, Inc.*,
    2012 U.S. Dist. LEXIS 161281 (C.D. Cal. 2012) ........................................................ 12, 16

24

*Koster v. (American) Lumbermens Mut. Casualty Co.*,
    330 U.S. 518 (1947) ............................................................................................................ 16

25

26

*Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*,
    2017 U.S.Dist.LEXIS 71536 (N.D. Cal. 2017) .................................................................. 18

27

28

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE**        **Case No.  18-cv-06300**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

*Nguyen v. Vital Pharmaceuticals, Inc.,*
   No. 19-cv-60261 (S.D. Fla Jan. 30, 2019) ................................................................ 18

*Pacesetter Sys. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982) ........................................................................................ 4

*Pacific Car & Foundry Co. v. Pence,*
   403 F.2d 949 (9th Cir. 1968) ..................................................................................... 11

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund,*
   2015 U.S. Dist. LEXIS 47749 (N.D. Cal. 2015) .................................................... 5, 13

*Riva v. Pepsico, Inc.,*
   2014 U.S.Dist.LEXIS 60845 (S.D. Cal. 2014) .................................................. 4, 5, 16

*Securities Investor Protection Corp. v. Vigman,*
   764 F.2d 1309 (9th Cir. 1985) .................................................................................... 9

*Simonoff v. Kaplan, Inc.,*
   2010 U.S.Dist.LEXIS 26884 (N.D. Ill. 2010) ........................................................... 16

*Sonoda v. Amerisave Mortg. Corp.,*
   2011 WL 2653565 (N.D. Cal. 2011) ........................................................................... 9

*Strigliabotti v. Franklin Res., Inc.,*
   2004 U.S.Dist.LEXIS 31965 (N.D. Cal. 2004) ........................................................ 7, 8

*Volkswagen v. Universal Underwriters Group,*
   571 F.Supp.2d 1148 (N.D. Cal. 2008) ......................................................................... 1

*Wade v. Industrial Funding Corp.,*
   1992 U.S.Dist.LEXIS 12921 (N.D. Cal. 1992) ........................................................ 8, 9

**Statutes**

28 United States Code
   Section 1404 ........................................................................... 1, 2, 3, 6, 8, 9, 10

California Business and Professional Code
   Section 17200 ........................................................................................................ 16

**Rules**

Federal Rules of Evidence
   Rule 201 ................................................................................................................. 1, 5

Local Rules
   Rule 3-12 .................................................................................................................... 1

I.    **PLAINTIFF CANNOT RELY ON CHERRYPICKED FACTS FROM *IMRAN* TO OPPOSE THIS MOTION.**

Plaintiff's treatment of this action as being one-in-the-same with *Imran* highlights the lack of compelling arguments against transfer.[1]  Such treatment is also procedurally improper, logically unsound, and advanced with no supporting legal authority.  This case is related to *Imran*, no more; meaning, this Court has determined that it is more efficient administratively for the two matters to proceed before one judge.  *See* L.R. 3-12(a).  "Relating" two cases does not merge them into one.  Nor would consolidation, if/where that may occur.  As this Court has recognized, cases remain *separate* after consolidation.  *See Volkswagen v. Universal Underwriters Group*, 571 F.Supp.2d 1148, 1154-1155 (N.D.  Cal.  2008) (collecting consolidation cases); *Hall v. Hall*, 138 S.  Ct.  1118, 1121 (2018) (confirming that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, …or make those who are parties in one suit parties in another.").  Thus, even if consolidated, *Madison* and *Imran* are independent actions that must be considered on their own merit, not as a conglomeration.

For purposes of this motion—and for all purposes—whether consolidated or not, neither plaintiff in *Imran*, i.e., Messrs. Imran or Hess, is a resident of this District (as discussed in VPX's reply to the *Imran* § 1404(a) opposition, ECF No. 45); and, the plaintiff in this case, i.e., Mr. Madison, albeit a resident of this District,[2] does not allege to have purchased the product in this

---

[1] Plaintiff's opposition to VPX's § 1404(a) motion in this case is nearly identical to the opposition filed in *Imran* on February 21.  (*See Imran* ECF No. 44.)  Neither opposition addresses the issues without reliance on facts from the other, which lack of differentiation highlights the weaknesses in each opposition and further confirms the propriety of transferring both cases to the target district.  VPX requests judicial notice, pursuant to Fed. R. Evid. 201, of its § 1404(a) motion and supporting declarations in *Imran* (ECF No. 34), the Opposition thereto (ECF No. 44) and, VPX's reply (ECF No. 45) and hereby incorporates each filing as though fully set forth herein.

[2] Plaintiff incorrectly claims that VPX's motion is brought on grounds that "venue is improper" in this District, "because 'no party to this action resides in this District…'" (Opp. 3:10-12 (incorrectly citing Mot. at 9-10).) VPX does not claim that venue is improper (otherwise this would not be a § 1404(a) motion); and, VPX does not claim that *Madison* does not reside in this district. Again, Plaintiff improperly relies on facts from *Imran* to fashion arguments that are inapplicable to this case (e.g., notably, VPX does not argue venue is improper in *Imran* either). Even so, and yet again, Plaintiff claims to live in a nonexistent city, i.e., "Santa" Ramon, California.  (Opp. 4:2-3.)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE**          **Case No.  18-cv-06300**

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

District.  Yet, in an effort to avoid transfer, the opposition improperly combines the two cases to essentially manufacture a non-existent class representative, i.e., "Mr. Madimran," who, as a fiction of the serial class action attorneys pulling the strings of the named plaintiffs in both cases, possesses alleged qualities that weigh against transfer (a resident who allegedly purchased the product in the District) without those clearly weighing towards it (a non-resident who admittedly did not purchase in the District).  "Mr. Madimran," however, does not exist.  He is not a named plaintiff in either lawsuit, and his contrived compounding contacts with this District are <u>not</u> properly considered on this motion.

And thus it remains – for the reasons set forth in the motion and this reply – that this action is properly transferred to the Southern District of Florida.

## II.    <u>FEASIBILITY OF CONSOLIDATION - ALONE - WARRANTS TRANSFER.</u>

Plaintiff does not distinguish (or even acknowledge) the legal authority supporting transfer on grounds that the potential for consolidation with the two nearly identical class actions in the target district (Florida) weighs heavily in favor of transfer; i.e., decisions from the U.S. Supreme Court, the Ninth Circuit Court of Appeals, this District, and the Southern District of California.  Specifically, Plaintiff does not dispute:

- That "[t]he most important factor to consider is the 'interests of justice'" (Mot. 12:7-8);

- That feasibility of consolidation is "[a]n important consideration in determining whether the interests of justice dictate transfer…" (*Id.*, at 11:9-10);

- That "even the pendency of an action in another district is important because of the important effects it might have in possible consolidation of discovery and convenience" (*Id.*, at 11:13-15);

- That, "[w]here, as here, the facts and the legal issues in the transferor's and transferee's cases overlap, transfer is strongly in the public interest" (*Id.*, at 11:18-20);

- That "policy concerns against parallel actions proceeding simultaneously in different district courts [may be a] '***dispositive***' factor when ruling on a § 1404(a) motion" (*Id.*, at 11:23-25 (emphasis in original));

- That "centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments" (*Id.*, at 11:16-17);

- That "[c]oncerns over judicial efficiency are *paramount* in situations such as this" (*Id.*, at 11:28-12:1); and, critically,

2

- That "consolidation in the Southern District of Florida appears feasible and is likely under the Federal Rules" (*Id.*, at 12:16-13:11.)

Plaintiff instead argues that this feasibility-of-consolidation factor is "null and void" and "can be disposed of quickly because there are currently two identical class action lawsuits, including this one, against [VPX] pending in the Northern District of California" such that "[u]sing [VPX's] logic, there would be an equal justification for keeping the present matter in this Court as there would be for transferring it to the Southern District of Florida." (Opp. 14:1-7.) This argument misses the mark.

That is, <u>*granting*</u> this motion would result in three (or four, if *Imran* is also transferred) parallel cases being consolidated or, at minimum centralized, before a single district court in Florida.  Whereas, <u>*denying*</u> this motion would result in one case (or two, if *Imran* is not transferred) pending in this District with, at least, two separate parallel cases simultaneously proceeding in the Southern District of Florida.  Stated another way, denial of this motion would "permit a situation in which [multiple] cases involving precisely the same issues are simultaneously pending in different District Courts [which] leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Continental Grain Co. v. The FBL-585*, 364 U.S.  19, 26 (1960).  **Thus, the feasibility-of-consolidation factor is neither null nor void.  Rather, it is *paramount* <u>and carries more weight than the remaining factors</u>**.

Plaintiff next argues that, "courts typically consider the first-to-file rule in considering motions to transfer."  (Opp. 14:7-12.)  Yet, consolidating this case with *Imran* will not change the fact, which Plaintiff concedes, that this case was <u>not</u> the first filed.  (*Id.*, at 14:11-12.)  Further, the first-to-file rule "permits a district court to <u>***decline***</u> jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Sys. v. Medtronic, Inc.*  678 F.2d 93, 94-95 (9th Cir.  1982) (emphasis added).  Thus, it is a mechanism for a *second-filed court* to dismiss, stay, or transfer a case.  *See e.g.*, *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 625 (9th Cir.  1991); *see also Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1049 (N.D.  Cal.  2001) (explaining: "Plaintiff made [the first-to-file] argument… to the wrong judge… arguments to this court that the [second-filed]

3

action should be dismissed are unavailing").

Still, if this Court were to consider application of the first-to-file doctrine here, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Henry v. Home Depot U.S.A., Inc*. (N.D. Cal. 2016) 2016 U.S.Dist.LEXIS 117620, *7 (citing *Pacesetter*, 678 F.2d at 95). ***[T]he overriding purpose of the first-to-file rule is to promote efficiency*.**" *Id.*, at *8 (emphasis added). "[T]he first-to-file rule was ***not*** adopted to award the winner of the race to the courthouse with the status of class counsel." *Riva v. Pepsico, Inc*., 2014 U.S.Dist.LEXIS 60845, *9-10 (S.D. Cal. 2014).

Plaintiff does not address the practical application or purpose of the first-to-file doctrine in suggesting this Court evoke the rule to deny the instant motion. (Opp. 14:8-12 (citing *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 2015 U.S. Dist. LEXIS 47749, *3 (N.D. Cal. 2015) (Hon. Jon S. Tigar)).) Plaintiff ignores the fact that the Florida class actions will proceed, separately and simultaneously, no matter how this or the *Imran* transfer motions resolve. In this situation, the concept of "first-filed" is all form with no legitimate function. Its misapplication to deny this motion would run counter to its purpose of promoting efficiency and, instead, _ensure_ duplication of effort and waste of time, money, and judicial resources. *See Riva*, 2014 U.S.Dist.LEXIS 60845, at *9-10. Plaintiff's reliance on *Reyes* does not change this result.

Plaintiff describes *Reyes* in a parenthetical, without further discussion, as "denying motion to transfer where the first-to-file rule was a ***major consideration*** in determining where venue was proper to consolidate cases." (Opp. 12:8-11 (emphasis added).) In reality, *Reyes*, upon considering the first-to-file rule in the context of the feasibility-of-consolidation factor, held that "the consolidation of related actions does not weigh in favor of either party." *Reyes*, 2015 U.S. Dist. LEXIS 47749 at *8 (emphasis added). In that case, the plaintiffs in the second-filed action had specifically "expressed their intention to join [*Reyes*], either in the Northern District of California or, if transferred, in the District of Maryland." *Id.*, at *7. Thus, the Court concluded, "[f]uture duplicative actions, if filed, could be transferred to either district." *Id.* (emphasis added). Unlike *Reyes*, the two Florida actions will carry forward in Florida no matter the outcome of this motion.

Lastly, here, Plaintiff misleadingly states that: "Moreover, counsel for Plaintiff and Defendant's counsel are located in California. Transferring these matters to the other side of the country will needlessly increase the costs of court appearances for all sides." (Opp. 14:131-15.) This is plainly false.  Plaintiff has **_no_** counsel of record located in California; yet, he **_does_** have counsel of record **_in Florida_**, i.e., Morgan & Morgan, is located in Tampa; and, Plaintiff's remaining counsel are located in Philadelphia, PA; Bloomfield Hills, MI; Knoxville, TN.  (*See* ECF docket report.)  The flight time from each of these locations to Miami is *significantly* shorter than to San Francisco.[3]  Moreover, VPX's counsel has offices in South Florida (*see* https://www.gordonrees.com/offices/miami) where VPX is currently defending the two class actions that form the very basis of this feasibility-of-consolidation argument.  Thus, contrary to Plaintiff's argument, transfer to Florida will *decrease* the costs of court appearances *for Plaintiff*.

In sum, feasibility of consolidation with the two actions pending in Florida remains a factor heavily favoring transfer and, in fact, is properly the *dispositive* factor on this motion.

## III.    PLAINTIFF'S CHOICE OF FORUM WARRANTS *NO* DEFERENCE.

Plaintiff relies on three inapposite cases to suggest his choice of forum is entitled to deference, notwithstanding he seeks to represent a nationwide class, because, he claims, there is a "significant connection" between this District and the activities alleged in the complaint based on facts from *another* lawsuit.  (Opp. at 9:1-20.)  That is, without discussing what constitutes "a significant connection" under applicable case law, Plaintiff concludes that the requirement is met because "Plaintiffs Madison and Imran [r]eside **_and/or_** [p]urchased [p]roducts [h]ere."  (*Id.*, 9:1-2, and 8:9-11 (emphasis added).)  This argument is factually and legally unsound.

As discussed *supra*, neither Mr. Madison nor Mr. Imran (nor Mr. Hess) resides *and* purchased the product in this District and, thus, the "and" in the forgoing "and/or" statement is incorrect and misleading; regardless, the location of Mr. Imran's alleged purchase is immaterial because he is not a party to this lawsuit.  (*Compare* Opp. 12:18-19 (Plaintiff admits the facts

---

[3] VPX requests judicial notice, pursuant to Fed. R. Evid. 201, that a google search for "flight time" provides that Knoxville to Miami is 2 hours, 5 minutes; whereas, Knoxville to San Francisco is 6 hours, 40 minutes; Philadelphia to Miami is 3 hours; whereas, Philadelphia to San Francisco is 6 hours, 25 minutes; Bloomfield Hills to Miami is 2 hours, 58 minutes; whereas, Bloomfield Hills to San Francisco is 5 hours, 25 minutes.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE          Case No. 18-cv-06300**

alleged are as follows: "Plaintiff resides in the Northern District and Plaintiff Imran purchased [VPX's] products in the Northern District.").)  Moreover, Plaintiff does <u>not</u> dispute the following factors reflecting the lack of significant connection between this District and his allegations:  that Plaintiff "alleges he made a one-time purchase of the product from vitaminshoppe.com" (Mot.14:16-18); that "Vitaminshoppe.com is a website accessible from anywhere with an internet connection" (*Id.*, at 14:19); that Plaintiff "does <u>not</u> allege that the purchase was made in this District"[4] (*Id.*, at 4:13 (emphasis added)); that "every alleged instance of false advertising occurred on the product itself or online" (*Id.*, at 14:20-22); that "*every* district court across the nation shares the same nexus with the alleged causes of action [excepting Florida], rendering any postulated connection with this District insignificant for this analysis" (*Id.*, at 14:23-24 (emphasis in original)); that Plaintiff "does <u>not</u> allege that he was exposed to VPX's advertising in this District" (*Id.*, at 4:13-14 (emphasis added)); that "the activities that *refute* Plaintiff's allegations <u>all</u> happened in Florida" (*Id.*, at 1425-26 (emphasis in original)); and that, under *Bloom v. Express Servs*., 2011 U.S.Dist.LEXIS 43429, *6 (N.D. Cal. 2011), "[b]ecause the relevant disputed acts supporting Plaintiff's [theory of liability] occurred in [the transferee district], Plaintiff's choice of forum is given little deference."  (*Id.*, at 26-15:1.)

Even more, the three cases upon which Plaintiff relies for his "plaintiff's choice" argument support <u>*transfer*</u>, if anything, as next discussed:

***Strigliabotti v. Franklin Res., Inc*., 2004 U.S.Dist.LEXIS 31965 (N.D. Cal. 2004)**: In determining whether a "significant connection" existed, the court stated that, "[h]ere, plaintiffs brought suit in this district because it is **defendants' principal place of business**, **corporate headquarters**, and **the residence of thirty-four potential witnesses**, and they **purposely brought suit 'on [defendants'] home turf' 'based in logic and on convenience**.'"  *Id.*, at 13-14 (emphasis added).  "**Because of defendants' headquarters in this district, plaintiffs suggest that events giving rise to their claims 'likely' and 'necessarily' occurred here**…."  *Id.*, at 14

---

[4] Although Plaintiff states in his opposition that "Plaintiff Madison has sufficiently shown in the Amended Complaint that he purchased the product in the Northern District of California," this appears to be an error, at best.  (Oppo. 6:15-17.)  Mr. Madison has not filed an amended complaint.  Moreover, the same sentence is found in the *Imran* opposition to VPX's § 1404(a) transfer motion (ECF No. 44, 5:15-17) and thus appears to be a mistaken, and incorrect, holdover from that briefing.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(emphasis added).  Importantly, "**Defendants d[id] not dispute that these activities took place in this judicial district or that they ha[d] significant contacts here.**" *Id.*, at *14-15 (emphasis added).  In conclusion, "[t]he Court accord[ed] plaintiffs' choice of forum *some* weight because of four defendants' connection to this district and the apparent logic of bringing suit here." *Id.*, at *15 (emphasis added).

Thus, the "significant connection" in *Strigliabotti* is unquestionably absent here. Moreover, applying the *Strigliabotti* court's reasoning to the instant facts, the Southern District of Florida is the only forum having "significant connection" with this case, because that is where VPX is located and headquartered, where the events giving rise to the claims occurred, and where all the relevant witnesses are located—all of which are facts that Plaintiff does not dispute.

***Wade v. Industrial Funding Corp.*, 1992 U.S.Dist.LEXIS 12921 (N.D. Cal. 1992)**: The court indicated that it would have "disregarded" the plaintiffs' choice of forum, because the case was a putative class action, but for the fact that "the contacts with the forum are substantial in this case given plaintiffs' claims regarding the 'artificial' expansion of ILC business *in California*." *Id.*, at *10 (emphasis added).  There, the "plaintiffs claim[ed] that significant components of the alleged misconduct occurred in the State of California[5] and, therefore, California represents a more convenient forum for the parties and for non-party witnesses." *Id.*, at *3.  Moreover, all of the plaintiffs' witnesses were in California; whereas, the only other witnesses were defendant's employees. *Id.*, at *6-7.  Given these facts, the plaintiffs' choice was neither "disregarded," nor "dispositive," but carried a reduced weight and the court looked to the other § 1404(a) factors to determine the outcome.  The court held: "the dispositive factor in selecting a forum in this action is the convenience of the forum, not the public interest *or the*

---

[5] More specifically, the defendant had "rapidly expanded its lease portfolio so that IFC [defendant's parent company] could go public [in California] at an artificially elevated offering price." *Wade*, 1992 U.S.Dist.LEXIS 12921 at *6. "According to plaintiffs, approximately one-third of [the parent's] leasing business originated in the State of California at the time of the initial public offering. The State of Oregon [target forum], on the other hand, accounted for only eight percent." *Id.*, at FN 5. "The [parent's] Northern California regional sales district alone accounted for a substantial portion of [its] business." *Id.* "Prior to the offering, [the parent's] Northern California regional office, which is located in Pleasanton, [CA] did substantially more than double the business done in the entire State of Oregon." *Id.*

*plaintiffs' choice of forum*." *Id.*, at \*10 (emphasis added).

Applying *Wade* to this case, this Court should disregard Plaintiff's choice of forum. The fact that Plaintiff is a resident is counterbalanced by the fact that he seeks to represent a nationwide class. There is no "significant connection" to this District warranting deference to Plaintiff's choice because, among other things, he does <u>not</u> allege he purchased the product in this District; he does <u>not</u> allege he was exposed to the alleged false advertising in this District; and, he does <u>not</u> identify any witnesses in this District (or otherwise).

**Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309 (9th Cir. 1985)**: This case did <u>not</u> involve a § 1404(a) or any type transfer motion but instead considered whether the district court erred in finding it lacked personal jurisdiction over certain defendants in an action brought under the Securities Exchange Act and in failing to apply a co-conspirator venue theory. *Id.*, at 1313. It has no bearing on the instant motion.

Thus, Plaintiff offers <u>no</u> authority to suggest his residency alone sufficiently connects the claims alleged to this District as to defeat this motion, nor is VPX aware of any.[6] And his bald conclusion that "a substantial amount of putative class member/purchasers of Defendant's Products reside in California" is unsupported by evidence or allegation.[7] (Opp. 9:14-15.) Even if true – which VPX does <u>not</u> concede – Plaintiff offers no authority to suggest it alone would warrant denial of this motion.

Plaintiff also argues that "deference [to his choice of forum] is warranted because the named Plaintiff[], if [he] serve[s] as class representative[], will bear a great deal of responsibility, while the other putative class members will not likely need to appear in this action." (Opp. 9:9-

[6] Plaintiff also relies on *Sonoda v. Amerisave Mortg. Corp.*, 2011 WL 2653565, \*4 (N.D. Cal. 2011) to support his argument that: "Plaintiff Imran is a resident of California and purchased [VPX's] product in California; therefore, the fact that venue is proper for his two co-plaintiffs is enough to deny the motion to transfer." (Opp. 9:16-18.) This appears to be yet another incorrect holdover from the *Imran* opposition. (*See* ECF No. 44, 8:11-15.) Again, the facts of *Imran* are not properly considered in this case; and, here, there is just one plaintiff, i.e., he has no co-plaintiffs.

[7] Plaintiff subsequently states that "thousands of similarly-situated customers are located [in California]" but supports this statement with a citation to the *Imran* First Amended Complaint ("FAC") rather than his own pleading (as he has not filed an amended complaint). (*Id.*, at 12:1-2 (citing "FAC at 5").) And at Opp. 12:22-24, Plaintiff cites to the "FAC at 5" to support his statement that "…hundreds of retailers selling Defendant's products exist [in this District]."

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

12 (citing *Alul v. Am. Honda Motor Co*., 2016 U.S.Dist.LEXIS 169632, *2 (N.D. Cal. 2016) (Hon. John S. Tigar)).)  This isolated quote from *Alul* omits important distinguishing facts.  In that case, this Court concluded that Plaintiffs' "choice of forum is [still] entitled to deference, even though ***this factor is accorded less weight in a class action context***," ***because "several of the named Plaintiffs reside in the Northern District of California, purchased their defective vehicles in this district, and had those vehicles serviced here*.*"*  *Alul*, 2016 U.S.Dist.LEXIS 169632, *2-3, *6-7 (emphasis added).  By contrast, here, Plaintiff does not allege he purchased the $3.00 product in this District.  There is no serious comparison between a resident's *one-time online purchase* of a can of BANG® to the contacts arising from several residents' purchasing *vehicles* and *having them serviced* in this District.

Lastly, Plaintiff argues that "[VPX has no real basis to claim inconvenience in this District or that the interests of the Southern District of Florida, where it is headquartered, should be afforded primacy … [because] [a]s a national supplement and energy drink manufacturer, Defendant must accept being hailed into any District without complaint."  (Opp. 9:21-10:5 (citing *In re Ferrero Litig*., 768 F.Supp.2d 1074, 1080 (S.D. Cal. 2011) and *Allen v. ConAgra Foods, Inc*., 2013 WL 4737421, at *12 (N.D. Cal. Sept. 3, 2013)).)  It is unclear how this argument gives weight to Plaintiff's choice of forum, especially given that, were it a correct statement of law (and it is not), this Court could <u>never</u> grant a § 1404(a) transfer where the defendant sells a product nationwide (*see, contra, Pierce-Nunes v. Toshiba Am. Info. Sys*., 2014 U.S. Dist. LEXIS 129641 *8, *14-15 (granting transfer in class action where defendant sold televisions nationwide; no one disputed that the action could have been brought in California or New York)); in any event, Plaintiff's argument again relies on dicta and the cases he cites do not support denial of the instant motion, as follows:

***In re Ferrero Litig*., 768 F.Supp.2d 1074 (S.D. Cal. 2011)**:  <u>*Both*</u> plaintiffs <u>*worked*</u>, <u>*resided*</u>, and <u>*purchased*</u> the product in this District.  *Id*., at 1078.  Thus, the case is not controlling.  Beyond residency and location of purchase, however, the court noted that "[c]ourts may also consider the facts of the case in determining how much deference to give the plaintiff's choice."  *Id*., at 1079 (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

9

1968) (relied upon in VPX's Mot. at 14:1-9; considering whether "the operative facts" "occurred within the forum of original selection" and whether that forum had any "particular interest in the parties or the subject matter")).  Indeed, "[t]he Ninth Circuit directs courts to consider the relationship between the forum and the plaintiff's claims in deciding whether to transfer a case."  *Id.*  (citing *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000)).  In *Ferrero*, "[b]oth parties ha[d] ***substantial*** contacts with this district."[8]  *Id.*  (emphasis added).  Whereas, as noted earlier, Plaintiff here does <u>not</u> dispute that "the operative facts" occurred in Florida.

***Allen v. ConAgra Foods, Inc.***, **2013 U.S.Dist.LEXIS 125607 (N.D. Cal. 2013)  (Hon. Jon S. Tigar)**: In this consumer fraud action, the Court found neither party's arguments compelling on this issue, stating: "As for the relative contacts of the parties to the forums, ***<u>although Plaintiff is a resident of California, that fact does not weigh particularly heavily</u>***.  As a colleague court recently observed,

> Although Plaintiff would have some role in a trial, it would not be ***nearly as significant*** as that of Defendant, its executives, and its scientists.  Indeed, **it is not clear to the court what Plaintiff would testify about beyond the fact of her purchase, since the gravamen of the Complaint is the falsity of the claims on the package, which would not be a subject of Plaintiff's testimony**."  *Id.*, at 41 (emphasis added; citing *Jovel v. I-Helath, Inc.*, 2012 U.S. Dist.LEXIS 161281, *4 (C.D. Cal. 2012)).

Furthermore, this Court noted that the *Allen* defendant "identifies no specific witnesses who are located [in the target district] … [the defendant] has offices nationwide… [and the defendant] does not identify any non-party witnesses relevant to this action that would weigh in favor of transfer."  *Allen*, 2013 U.S.Dist.LEXIS 125607, at 41-42.  By contrast, here, VPX identifies numerous witnesses in Florida, including four material third-party witnesses in or near Florida (discussed *infra*); it does <u>not</u> have offices outside of Florida, much less nationwide or in California.[9]  On the other hand, the facts applicable to the *Allen* plaintiff's contacts <u>are</u> similarly

---

[8] For instance, the defendant's "California sales <u>alone</u> account[ed] for between 13% and 15.2% of its total U.S. sales … over the last five years.  From January 2007 to the present, 13.7% of Defendant's … shipments went to California customers."  *Ferrero*, 768 F.Supp.2d 1074, at 1079.  In addition, "Ferrero employ[ed] a 15-person sales force <u>in California</u>, and Ferrero <u>works with California venders and distributors</u> in marketing its … product."  *Id.*, at 1079-1080 (emphasis added; citations omitted).

[9] Like <u>***all***</u> of the evidence submitted in support of VPX's motion, Plaintiff ignores the fact that VPX maintains no offices or laboratories outside of its headquarters in South Florida.  *See* Declaration of Marc Kesten (*Imran* ECF No. 34-2) (hereafter, the "Kesten Decl.") at ¶¶ 9, 10, 12.

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE**      **Case No.  18-cv-06300**

found here.  That is, Mr. Madison will have a <u>limited</u> role in trial (that is, *if* he is approved as the class representative) and that role will <u>not</u> be nearly as significant as VPX, its executives, including its CEO, CSO, and founder, John Owoc (the only non-interchangeable witness specifically identified in the pleadings, *see* Complaint ¶ 11), its scientists, and the <u>*four*</u> third-party witnesses identified in VPX's moving papers.

   *Reyes,* **2015 U.S.Dist.LEXIS 47749 (also *discussed supra*)**: Plaintiff states that this case "is instructive" to his point that "[w]here… a plaintiff has brought a case on behalf of other plaintiffs, the forum choices of all the plaintiffs must be given consideration."  (Opp. 10:23.)  *Reyes,* however, does not stand for that proposition.  *Reyes* is an ERISA case and "a plaintiff's choice of forum is accorded great deference in ERISA cases."  *Reyes*, 2015 U.S.Dist.LEXIS 47749, at *8.  "Reyes filed suit in the district where he resides, where he earned his pension credits, and where he pursued administrative remedies prior to this litigation."  *Id.*, at *9.  For these reasons, "[h]is choice of forum is entitled to deference, even though this factor is accorded less weight in a class action context."  *Id.*  The opposition, however, also relies on *Reyes* for the statement that "[t]his Court … reasoned that… if [the class] is certified and Reyes is appointed class representative, he will 'still bear a great deal of responsibility.'"  (Opp. 10:19; noting *Reyes's* reliance on *David v. Alphin*, 2007 U.S.Dist.LEXIS 3095 (N.D.  Cal.  2007) (granting transfer; also an ERISA case).)  Yet, Plaintiff does not explain how his responsibilities at trial, as a *one-time online* purchaser of a $3.00 product, will be even remotely similar to the responsibilities of an ERISA plaintiff.  This Court correctly describes a putative class representative's role in a consumer fraud case in *Allen*, 2013 U.S.Dist.LEXIS 125607, at 41, discussed *supra*, as limited and unclear; and not as "a great deal of responsibility."

   Taken altogether, Plaintiff's choice of forum is properly disregarded on these facts.

## IV. <u>THE CONVENIENCE FACTORS *STRONGLY* WEIGH TOWARDS TRANSFER.</u>

   The opposition wholly ignores <u>*critical*</u> evidence that would outweigh the deference typically afforded a plaintiff's choice in any case and, thus, unquestionably outweighs it here.  This evidence includes:

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE**   **Case No.  18-cv-06300**

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA  92101*

- VPX's *specific* identification of *four* third-party *material* witnesses in or near South Florida including the general substance of their testimony, as detailed in Kesten Decl. ¶ 6(a)-(d).

- John H. Owoc aka Jack Owoc, the CEO, CSO, and founder of VPX, the *only* non-interchangeable witness identified in the pleadings, who will be *significantly* inconvenienced professionally and personally by in trial in this District, as detailed in Mr. Owoc's declaration (*Imran* ECF No. 34-3) at ¶¶ 3, 4.

- VPX employs over 325 Florida residents; and, all VPX employees with knowledge relevant to the material allegations reside in South Florida, as detailed in Kesten Decl. ¶ 5.

- To the best of VPX's knowledge, none of its former employees with relevant information reside in or near California, or any state other than Florida, as detailed in Kesten Decl. ¶ 8.

- *Every* decision giving rise to the allegations in the pleadings emanate from VPX's headquarters in South Florida, as detailed in Kesten Decl. ¶ 9.

- The VPX scientific laboratory – at issue in the pleadings – where it creates, develops, and tests BANG® is in South Florida; VPX maintains no laboratory outside of South Florida, as detailed in Kesten Decl. ¶ 10 (and also discussed in the Complaint at ¶ 11).

- VPX's warehouse where raw materials at issue in the pleadings are delivered and quarantined, and subsequently taken to product development and testing (a process called into question by the pleadings) is in South Florida, where the parties and/or expert witnesses may seek to view the premises, obtain physical evidence, or observe the processes, as discussed in the Complaint ¶ 11.

- All of VPX's books and records are created, maintained, and located in South Florida, including those <u>unavailable</u> in electronic format, as detailed in Kesten Decl. ¶ 4 and, in response to Plaintiff's contentions in opposition, further explained in the Declaration of Francis Massabki, *Imran*, ECF No. 45-1 (hereinafter, "Massabki Decl.") ¶¶ 21-26.

Plaintiff does not dispute the admissibility or accuracy of the forgoing evidence. Rather, the opposition simply dismisses outright any inconvenience to the <u>*people*</u> that make up VPX with a summary citation to case law stating their inconvenience is accorded "little weight" (Opp. 11:10-15) while failing to distinguish the cases in VPX's motion providing that the convenience of such witnesses should <u>not</u> be ignored (Mot. 15:15-16:8); then, <u>incorrectly</u> concludes, in the face of VPX's evidence, that: "all that [it] has alleged is that the company is headquartered in the Southern District of Florida and that several employees reside there." (Opp. 11:21-23.)

It bears repeating that Plaintiff <u>ignores</u> the *four* third-party witnesses VPX identifies in the motion, i.e., Peter Cinieri, VPX's former CFO; Chantal Salas, VPX's former Marketing Coordinator; Nora Higuera, VPX's former R&D Senior Food Scientist; and, Eric Hillman, CEO at Europa Sports Products, a major distributor of VPX products, all of whom reside in Florida, excepting Mr. Hillman who lives nearby in North Carolina. (Mot. 17:7-12; Kesten Decl. ¶ 6(a)-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

12

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1  (d); *compare* Opp. 11:20-12:2.)  Moreover, Plaintiff does not dispute the materiality and

2  importance of these third-party witnesses' anticipated testimony, as described in Kesten Decl. ¶¶

3  6, 7.  Plaintiff does not dispute the fact that these witnesses are outside this Court's subpoena

4  power; yet, within the subpoena power of the target district.  Plaintiff does not dispute that,

5  unlike him and the putative class members, these witnesses are <u>not</u> interchangeable.  *Cortina v.*

6  *Bristol-Myers Squibb Co.*, 2017 U.S.Dist.LEXIS 100437, *14 (N.D. Cal. 2017)  ("[t]he Court

7  must also consider the relative importance of the witnesses.").  The convenience of these

8  material third-party witnesses, alone, tips the balance towards transfer.

9  While Plaintiff "agree[s] to conduct [the VPX] 30(b)(6) depositions where those

10  deponents reside" (Opp. 11:17-19), the real inconvenience will be the trial of this matter, and

11  Plaintiff's offer does nothing to alleviate that heavy burden, which, irrespective of travel, will be

12  borne almost exclusively by VPX, its founder, and other employees.  Plaintiff does not dispute

13  that litigation in this District, as discussed in the declaration of Mr. Owoc, will put an undue

14  strain on him personally and also on the company in his absence.  (*See* Owoc Decl. (*Imran* ECF

15  No. 34-3) at ¶¶ 3, 4.)  These factors also weigh towards transfer.

16  Almost ironically, Plaintiff claims it is VPX who "ignore[s] the significant burden on the

17  named Plaintiff in this action … should the case be transferred out of this district" – a "burden"

18  that Plaintiff fails to expound upon in *any* respect, offering no *evidence* or even argument beyond

19  his unsupported conclusory statement.  (Opp. 10:8-9.)  For example, Plaintiff offers <u>no</u> evidence

20  showing transfer would result in any financial or other hardship.  Moreover, **Plaintiff's**

21  **convenience cannot be considered in a vacuum**.  This is an attorney-driven nationwide false

22  advertising claim regarding a $3.00 product.  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325

23  (9th Cir.  1984) ("the court should have examined the materiality and importance of the

24  anticipated witnesses' testimony **and then** determined their accessibility and convenience").

25  Plaintiff's role is *nominal*, *fungible*, and, thus, <u>*nowhere near* comparable</u> to that of Mr. Owoc

26  and other VPX executives, employees, and the identified third-party witnesses.  *See Riva*, 2014

27  U.S.Dist.LEXIS 60845, at *9 (class representative "interests are entirely fungible with those of a

28  potential class member in the [transferee court].");  *see also Jovel*, 2012 U.S. Dist. LEXIS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1    161281, at *4 ("Should litigating this case in the [transferee district] prove too inconvenient for

2    the named Plaintiff, then another named plaintiff can be substituted for h[im]."); *Simonoff v.*

3    *Kaplan, Inc*., 2010 U.S.Dist.LEXIS 26884, at *5-6 (N.D. Ill. 2010) ("While it is true that the

4    named Plaintiff resides in this District, the Plaintiff purports to represent a nation-wide class, and

5    there likely are prospective plaintiffs in each and every state."); *Koster v. Lumbermens Mut.*, 330

6    U.S.  518, 525 (1947) (class representative may be a "mere phantom plaintiff with interest

7    enough to enable him to institute the action and little more").  Indeed, there are numerous

8    prospective class representatives (i.e., purchasers of BANG®) in South Florida, where two such

9    putative class members have filed parallel actions.

10          Lastly, Plaintiff *again* <u>ignores</u> VPX's evidence and presumptively concludes that "it is

11   unclear how [VPX] would be burdened by litigating the case here in California as to documents

12   maintained on servers in Florida."  (Opp. 13:9-16.)  In response thereto, VPX expounds on these

13   issues in the Massabki Decl., which more specifically identifies examples of the types of records

14   that are not electronic and, thus, not electronically transferrable.  (Massabki Decl. ¶¶ 21-26,

15   *Imran* ECF No. 45-1.)  The difficulty, expense, and uncertainty of transporting such materials is

16   yet another factor weighing towards transfer to the locus of the dispute, i.e., the Southern District

17   of Florida where, additionally, the parties may more conveniently conduct any on-site inspection

18   of the relevant premises, subject processes, and raw ingredients—yet another issue (supported by

19   decisional authority) raised by VPX but unaddressed by Plaintiff's opposition.  (Mot. 17:13-23.)

20   **V.     <u>PLAINTIFF DOES NOT DISPUTE THAT THE LOCUS OF OPERATIVE FACTS</u>**
21   **<u>OCCURRED IN FLORIDA; THAT JUSTICE IS BETTER SERVED WHEN
     LAWSUITS ARE LITIGATED IN SUCH A FORUM; OR THAT THE COURT IN</u>**
22   **<u>FLORIDA SHOULD OVERSEE HIS REQUESTED INJUNCTIVE RELIEF.</u>**

23          Plaintiff offers nothing but a string cite to six irrelevant cases to argue California has the

24   prevailing local interest.  (Opp. 15:18-14:5.)  Not one of these cases considered a transfer motion

25   or weighed district courts' relative interest in resolving a controversy.  (*Id.*)  Plaintiff does <u>not</u>

26   refute (or address) VPX's arguments and authority in the opening brief supporting transfer on

27   these grounds and, as such, they continue to weigh heavily in favor of transfer.  (*See* Mot. 18:17-

28   20:9.)

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE          Case No.  18-cv-06300**

1

## VI. PLAINTIFF DOES NOT DISPUTE THAT THE TARGET'S SIGNIFICANTLY LESS CONGESTED DOCKET WEIGHS TOWARD TRANSFER.

2

3   Yet, Plaintiff repeatedly identifies this as a factor this Court "must" consider. (Opp. 7:5-

4   6; 13:21-22.) As shown in the opening brief, this factor also weighs towards transfer.

5

## VII. THE SOUTHERN DISTRICT OF FLORIDA IS EQUALLY SUITED TO ADJUDICATE THE CALIFORNIA CAUSES OF ACTION.

6

7   Plaintiff's argument that "the parties would not be inconvenienced by having the sitting

8   Court apply the law of its own state" does nothing to change the neutrality of this factor. (Opp.

9   14:19-1517.) Plaintiff fails to distinguish the authority in VPX's motion holding that "courts in

10  [one state] are fully capable of applying [another state's] substantive law;'" and, that "resolution

11  of this action will depend less on expertise in [California] law and more on the court's fact-

12  finding function."[10] (Mot., 20:18-21:13.)

13  ## VIII. PLAINTIFF MISCONSTRUES GOOD FAITH MEET-AND-CONFER AS GAMESMANSHIP IN AN EFFORT TO AVOID TRANSFER.

14

15  There is nothing disingenuous or dilatory in the correspondences described in the

16  opposition, as explained in detail in the Massabki Decl. ¶¶ 4-20 (*Imran*, ECF No. 45-1.) Plaintiff

17  suffered no prejudice from extending the routine professional courtesy of granting additional

18  time to respond to a complaint; and there is no basis to deny the motion on this ground. (*Id.*, at

19  ¶¶ 4-20); *Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*, 2017 U.S.Dist.LEXIS 71536, *5

20  (N.D. Cal. 2017) ("'[T]he Ninth Circuit has never held that a five month delay necessitates the

21  denial of a motion to transfer,' and the Court declines to find otherwise here, particularly where

22  Plaintiff does not claim that it would be prejudiced by the transfer"). Contrary to the opposition,

23  Plaintiff was not "ambushed" by a regularly noticed motion filed in compliance with the Rules of

24  Civil Procedure and this Court's Local Rules.

25

26  _____

[10] Plaintiff admits he asserts one claim under federal law, to which his argument is entirely
inapplicable. (Opp. 14:23-25.) Moreover, the target district is already tasked with applying Cal. Bus.

27  & Prof. Code § 17200 (implicated by the instant matter) in one of the parallel actions pending there,
*Nguyen v. VPX,* No. 19-cv-60261 (S.D. Fla Jan. 30, 2019) ("*Nguyen*"), as federal courts *routinely*

28  are.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    Dated:  March 5, 2019                    GORDON REES SCULLY MANSUKHANI LLP

2

3                                      By:    */s/ Timothy K.  Branson*
                                             M.D.  Scully
4                                            Timothy K.  Branson
                                             Attorneys for Defendant
5                                            VITAL PHARMACEUTICALS, INC.,
                                             d/b/a VPX Sports, a Florida corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE          Case No.  18-cv-06300**

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA  92101, my electronic mail address is hheffner@grsm.com.  On On March 5, 2019, I served the foregoing document(s) entitled:

**DEFENDANT'S REPLY SUPPORTING MOTION TO TRANSFER VENUE** as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case.  Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiff KUUMBA MADISON:**

Jonathan Shub
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Phone:  215-238-1700
Fax:  215-238-1968
Email: jshub@kohnswift.com

Nick Suciu, III – Pro Hac Vice
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Phone: 313-303-3472
Fax: 248-698-8634
Email: nicksuciu@bmslawyers.com

Adam A.  Edwards – Pro Hac Vice
Gregory F.  Coleman – Pro Hac Vice
Mark E.  Silvey – Pro Hac Vice
GREG COLEMAN LAW PC
800 S Gay Street, Suite 1100
Knoxville, TN  37929
Phone: 865-247-0080
Fax: 865-522-0049
Email: adam@gregcolemanlaw.com
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Rachel Lynn Soffin
MORGAN AND MORGAN
Complex Litigation Group
201 N.  Franklin Street, 7th Floor
Tampa, FL  33602
Phone: 813-223-5505
Fax: 813-222-4787
Email: rachel@gregcolemanlaw.com

**Counsel for Plaintiffs ISMAIL IMRAN and ZACH HESS (Related Action 18-cv-05758):**

J Reuben D.  Nathan
NATHAN & ASSOCIATES, APC
2901 W.  Coast Highway, Suite #200
Newport Beach, CA  92663
Phone:  (949) 270-2798
Email: rnathan@nathanlawpractice.com

Joel D.  Smith
Lawrence T.  Fisher
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Phone:  (925) 407-2700
Email: jsmith@bursor.com
ltfisher@bursor.com

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE**          **Case No.  18-cv-06300**

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA  92101*

1   I declare under penalty of perjury under the laws of the United States of America that the

2   above is true and correct and that I am employed in the office of a member of the bar of this

3   court at whose direction this service was made.

4   Executed on March 5, 2019 at San Diego, California.

_____
Holly L.K. Heffner

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DEF.'S REPLY SUPPORTING MOTION TO TRANSFER VENUE          Case No. 18-cv-06300**